IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

Sanchez, Torello  1202126 )
(full name)        (Register No).  )
_____ )
_____ )
                                    )   Case No. _____
            Plaintiff(s).           )
                                    )
v.                                  )
                                    )
                                    )
Corizon Medical                     )   Defendants are sued in their (check one):
(Full name)                         )   ___ Individual Capacity
Doctor Chada                        )   ___ Official Capacity
_____ )   _X_ Both
            Defendant(s).

**COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983**

I. Place of present confinement of plaintiff(s): Jefferson City Correctional Center 8200 No More Victims Rd. Jefferson City, Mo. 65101

II. Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

    A. Plaintiff Sanchez Torello     Register No. 1202126
    Address 8200 No More Victims Rd.
    Jefferson City, Mo. 65101

    B. Defendant Corizon Medical

    Is employed as the medical services provider of offenders within the Missouri Department of Corrections

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

Case 2:21-cv-04054-SRB    Document 1    Filed 03/17/21    Page 1 of 12

C.  Defendant, Dr. Chada, is, or was at all times mentioned herein, employed by Corizon Medical as the physician and healthcare provider of offenders within the Jefferson City Correctional Center.

III. Do your claims involve medical treatment? Yes X No ___

IV. Do you request a jury trial? Yes X No ___

V. Do you request money damages? Yes X No ___

State the amount claimed? $ 500,000.⁰⁰ (~~actual~~ (punitive))

VI. Are the wrongs alleged in your complaint continuing to occur? Yes X No ___

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Yes X No ___

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? Yes X No ___

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
Plaintiff pursued and exhausted all claims (facts) set forth herein through the Administrative Grievance procedure with relief being denied at each stage.

D. If you have not filed a grievance, state the reasons.
N/A

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case? Yes ___ No X

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated? Yes ___ No X

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: N/A
    (Plaintiff)     (Defendant)
(2) Date filed: N/A

2

(3) Court where filed: N/A

(4) Case Number and citation: N/A

(5) Basic claim made: N/A

(6) Date of disposition: N/A

(7) Disposition: N/A
(Pending) (on appeal) (resolved)
(8) If resolved, state whether for: N/A
(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

See Attached

B. State briefly your legal theory or cite appropriate authority:

See Attached

3

## JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 USC § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has diversity jurisdiction to entertain common law claims and torts as well as claims advanced under state law and also has jurisdiction under 28 USC §1331 and 1343(a)(3).

2. This Court is an appropriate venue under 28 USC §1391(b)(2) as the events giving rise to the the claims occurred within the territorial boundaries of this Honorable Court.

## FACTS

3. Plaintiff suffers from Diabetic Neuropathies and other medical conditions that are debilitating and have consistently required the use of assistive devices such as knee brace, compression socks, "medical" footwear and injections into the knee.

4. The pain Plaintiff suffers from is often so severe that Plaintiff is unable to walk lengthy distances such as to medical and the dining room to eat.

5. Corizon assigned Dr. Chada to the Jefferson City Correctional Center.

6. Dr. Chada began a campaign to deprive me of medications and medical equipment necessary for my conditions and to alleviate the excrutiating pain Plaintiff suffers from.

7. Dr. Chada, and other corizon staff members, have admitted to Plaintiff, and other offenders, that Dr. Chada was to reduce costs by eliminating medical equipment, medications and treatment to Plaintiff, and other offenders.

8. When Plaintiff complained and attempted to exercise his right of access to the grievance procedure Dr. Chada retaliated against Plaintiff.

9. This included directing corrections staff to seize medically necessary equipment and medications as well as repeatedly compelling Plaintiff to walk to medical (in excrutiating pain) only to detain Plaintiff in a holding cell, segregated, for no apparent reason other than to inflict pain and punish Plaintiff.

10. Corizon has repeatedly, and consistently, engaged in similar conduct by and through the use of an unwritten (or written) policy or procedure and a general consensus by it's employees to deprive Plaintiff, and other similarly situated offenders, medically necessitated care and treatment as a means of being cost effective.

COUNT I. DUE PROCESS AND CRUEL AND UNUSUAL PUNISHMENT

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10, supra, into this Count as if fully set forth herein.

12. Defendants knew, or should have known, that Plaintiff suffered from a serious medical condition that required the use of the assistive device but were deliberately indifferent to Plaintiffs serious medical needs and wantonly and intentionally inflicted pain upon Plaintiff by the actions set forth herein.

13. Wherefore, Premises Considered, Plaintiff requests that judgment be entered in his favor and against the Defendants in the amount set forth herein.

## COUNT II. AMERICANS WITH DISABILITIES ACT AND THE MISSOURI HUMAN RIGHTS ACT

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13, supra, into this count as if fully set forth herein.

15. Plaintiff suffers from a known disability that requires special assistive devices in order to allow Plaintiff mobility, functionality and access to necessary services such as medical, food and education but the Defendants discriminated against Plaintiff on the basis of that disability and as a direct and proximate result Plaintiff suffered pain.

16. Wherefore, Premises Considered, Plaintiff requests that judgment be entered in his favor and against Defendants in the amount set forth herein.

## COUNT III. PETITION FOR REDRESS OF GRIEVANCES AND ACCESS TO THE COURTS

17. Plaintiff hereby incorporates by reference paragraphs 1 through 16, supra, into this count as if fully set forth herein.

18. Defendant Dr. Chada retaliated against, and punished, Plaintiff for exercising his rights to the grievance process and seeking access to the courts and as a direct and proximate result Plaintiff suffered pain.

19. Wherefore, Premises Considered, Plaintiff requests that judgment be entered in his favor and against Defendants in the amount set forth herein.

## COUNT IV. NEGLGENCE

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19, supra, into this count as if fully set forth herein.

21. Defendants actions, and inactions, constitute negligence in that their treatment and care of Plaintiff was negligent in failing to exercise the customary skills and diligence that a reasonably competent professional would in like and similar circumstances and as a direct and proximate result Plaintiff suffered painb.

22. Wherefore, Premises Considered, Plaintiff requests that judgment be entered in his favor and against Defendants in the amount set forth herein.

## COUNT V. EXTREME AND OUTRAGEOUS CONDUCT

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22, supra, into this count as if fully set forth herein.

24. Under a totallity of circumstances the Defendants actions, and inactions, were so extreme and to such a degree that any reasonable and prudent person would declare same to be outrageous.

25. Wherefore, Premises Considered, Plaintiff requests that judgment be entered in his favor and against the state.

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
Grant punitive damages as well as such Declaratory and injunctive relief the Court deems just and proper under the circumstances

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. William B. Inman

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action? Yes____ No X

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.

C. Have you previously had a lawyer representing you in a civil action in this court? Yes____ No X

If your answer is "Yes," state the name and address of the lawyer.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this 12 day of March 2021.

_[signature] #1202126_
Signature(s) of Plaintiff(s)

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

Sanchez Torello,

    Plaintiff,

vs.                                                         No.

Corizon Medical, et al.,

    Defendants.

AFFIDAVIT OF WILLIAM B. INMAN

I, William B. Inman, do hereby certify that I am the preparer of this Affidavit and that the contents herein are true and correct to the best of my knowledge and ability and I further state:

1. I am an offender confined within the Jefferson City Correctional Center.

2. I suffer from medical conditions that require me to be within the Jefferson City Correctional Center medical unit multiple times per day.

3. I have heard Dr. Chada, and several nurses, discussing medical matters and during the course thereof heard Dr. Chada, and the nurses, state that:

a. Corizon desired to reduce the costs of caring for offenders by reducing medicine, assistive devices, diabetic snack bags and other similar services;

b. Dr. Chada was to impliment these reductions.

4. Other offenders have also overheard these admissions by Dr. Chada and the nurses.

5.  I have also assisted in the preparation of the complaint filed in this civil action.

Further I sayeth not....

Signed as being true and correct this 20th day of February 2021.

Respectfully,

William B. Inman
# 517054 H.U. 5
Jeff. City Corr. Ctr.
8200 No More Victims rd.
Jefferson City, Mo. 65101



Sanchez Lorenzo #1302126
Jefferson City Correctional Center
W; 3-D#207
8200 No More Victims Rd
Jefferson City, Mo 65101

Clerk of Court
U.S. Dist. Court
West. Dist. of Mo.
400 E. 9th St. Rm 2710
Kansas City, MO 64106

MAILED FROM
JEFFERSON CITY
CORRECTIONAL CENTER

RECEIVED
2021 MAR 17 AM 11:09
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY, MO